MATTHEW P. CLOKE, Appellant, *v.* ROBINS DRY DOCK AND REPAIR COMPANY, Respondent.

*Negligence — action to recover for personal injuries received through slipping on ice on top of pontoon of dry dock while attempting to board ship therein — when owner of dry dock under no obligation to provide means of access to ship — failure to show exercise of due care.*

*Cloke* v. *Robins Dry Dock & Repair Co.*, 190 App. Div. 315, affirmed.

(Argued March 2, 1922; decided March 21, 1922.)

APPEAL from a judgment, entered January 23, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was a steward on a ship which had been placed in defendant's dry dock. He had been on shore and was

returning to his ship and in order to reach it was obliged to climb a flight of steps to the top of a pontoon and thence over three or more pontoons connected by movable bridges and thence by a gangplank to the ship. While walking along one of the pontoons he slipped on some ice and fell down between the pontoon sections, receiving the injuries complained of. The Appellate Division held that the facts presented by the record were insufficient to show that the defendant was under any obligation to provide a means of access to the ship for the plaintiff or others employed thereon, or that it owed them any greater duty than as mere licensees. Moreover, that plaintiff failed to show the exercise of due care.

*William J. Carey* for appellant.

*James J. Mahoney* and *George J. Stacy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.